## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

Plaintiff,

-vs-                                                            **Case No.  95-CR-112**

**ANTHONY HILL,**

Movant.

## DECISION AND ORDER

Anthony Hill, who was sentenced in 1996 and previously filed motions for relief under 28 U.S.C. § 2255, has filed a "Petition for Redress of Grievance," citing the Supreme Court's decision in *Alleyne v. United States*, --- U.S. ---, 133 S. Ct. 2151 (2013).  This is an unauthorized, successive collateral attack, as it is a motion "claiming . . . that the sentence was in excess of the maximum authorized by law . . ." § 2255(a).  "Prisoners cannot avoid the AEDPA's rules by inventive captioning.  Any motion filed in the district court that imposed the sentence, and substantively within the scope of [§ 2255(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover."  *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original).

Accordingly, the Court lacks jurisdiction to consider Hill's motion.  The Court also notes that the Seventh Circuit cannot authorize Hill's proposed collateral attack because the Supreme Court has not made *Alleyne* retroactive to cases on collateral

review.  *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) ("Unless the [Supreme Court] decide[s] that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2) . . .").

The Clerk of Court is **DIRECTED** to open a separate civil § 2255 action with Hill's motion [ECF No. 95 in Case No. 95-CR-112], which is **DISMISSED** for lack of jurisdiction.  The Court will not issue a certificate of appealability with respect to that action.  Rule 11(a), Rules Governing Section 2255 Proceedings.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 2 -